THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ASPEN LODGING GROUP LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation,<br><br>Defendant. | No. 2:20-cv-01038-BJR<br><br>STIPULATION AND ORDER TO MODIFY JUDGMENT |
| VANCOUVER CLINIC INC. P.S., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation,<br><br>Defendant. | |

STIPULATION TO MODIFY JUDGMENT

(No. 2:20-cv-01038-BJR)

81206-00002/3975446.2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

**STIPULATION**

With respect to Plaintiff The Vancouver Clinic ("TVC"), the Court concluded, in the Court's Order Granting Motions To Dismiss (the "Order") (Dkt No. 66) as follows: Defendant Affiliated FM Insurance Company's ("AFM") "admits Vancouver Clinic is entitled to coverage under the Communicable Disease Provisions as Vancouver Clinic has plead the actual presence of COVID-19" (Dkt No. 66 at p. 45 of 82); that "[t]he Policy's coverage maximum under each relevant provision is $100,000" and, thus, the "maximum" TVC could cumulatively recover under those provisions is $200,000 (Dkt No. 66 at p. 47 of 82); and that TVC's "recovery is limited to the Communicable Disease provisions, which, by their terms, do not include a physical loss or damage requirement." (Dkt No. 66 at p. 45-46 of 82). The Court dismissed TVC's entire action against AFM with prejudice. (Dkt No. 67).

After, TVC filed a motion for reconsideration because of an alleged breach of the insurance contract, specifically an alleged failure by AFM "to pay the amount due under the Communicable Disease Coverage extensions" in the Policy. (Dkt No. 68 at p. 2 of 6). In its motion, TVC asks that the "Court not dismiss TVC's action or make the dismissal as to payment under the Communicable Disease coverage extensions without prejudice to TVC's ability to bring a subsequent action if AFM refuses to pay the remaining $100,000 due under the Communicable Disease coverage extensions." (Dkt No. 68 at p. 2 of 6).

To date, AFM has paid $100,000 to TVC under the Policy's "Communicable Disease – Property Damage" provision. AFM has asked TVC for information to support payment under the "Communicable Disease – Business Interruption" provision. TVC has not submitted it given the pendency of this action. The parties hope to resolve the adjustment of the remaining $100,000 claim without need for further litigation. Accordingly, the parties submit this Stipulation, in order to allow the parties time to resolve this issue, and to avoid burdening the Court and the parties with additional briefing on TVC's motion for reconsideration.

STIPULTION TO MOIDFY JUDGMENT  
(No. 2:20-cv-01038-BJR) - 1

STEIN, SUDWEEKS & STEIN, PLLC  
2701 FIRST AVE., SUITE 430  
SEATTLE, WA 98121  
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3975446.2

TVC and AFM respectfully request that the Court modify its Judgment under Federal Rule of Civil Procedure 59(e). Namely, they request a modification under which the Court's dismissal of TVC's claims with prejudice would have a limited exception for the following: a contractual claim by TVC against AFM for coverage under the Policy's "Communicable Disease – Business Interruption" provision, subject to the $100,000 sub-limit that the Court determined applied to the Policy's "Communicable Disease – Business Interruption" provision. This excepted contractual claim would remain before the Court, subject to the Court's determinations in its Order Granting Motions to Dismiss (Dkt No. 66), in the event AFM refuses to pay benefits under the Communicable Disease – Business Interruption" provision.

With the exception of the contractual claim relating to the Policy's "Communicable Disease – Business Interruption" provision, the parties acknowledge that there is no just reason for delaying entry of a final Judgment with respect to the remainder of TVC's claims that were dismissed by the Court pursuant to its Order Granting Motions to Dismiss (Dkt No. 66). Therefore, the parties request that pursuant to Federal Rule of Civil Procedure 54(b), the Court direct entry of a final judgment with respect to the remainder of TVC's claims that were dismissed by the Court pursuant to its Order Granting Motions to Dismiss (Dkt No. 66).

With these modifications made, TVC requests that the Court strike TVC's motion for reconsideration.

Submitted by:

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
2701 First Avenue, Suite 430
Seattle, WA 98121
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
Email: jstein@condodefects.com

STIPULTION TO MOIDFY JUDGMENT
(No. 2:20-cv-01038-BJR) - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3975446.2

Email: justin@condodefects.com
Email: dstein@condodefects.com

*Attorneys for Plaintiff*

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**

/s/ *Steven A. Stein*
Steven A. Stein (*admitted Pro Hac Vice*)
2049 Century Park East, 26th Floor
Los Angeles, CA 90067-3101
Telephone: (310) 553-3610
Facsimile: (310) 553-0687
Email: sstein@ggfirm.com

*Co-Counsel for Plaintiff*

**BULLIVANT HOUSER BAILEY PC**

By */s/ Matthew J. Sekits*
Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com
Owen R. Mooney, WSBA #45779
E-mail: owen.mooney@bullivant.com

*Attorneys for Defendant Affiliated FM Insurance Company*

STIPULTION TO MOIDFY JUDGMENT
(No. 2:20-cv-01038-BJR) - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3975446.2

**ORDER**

The Judgment in this matter filed on May 28, 2021 (Dkt No. 67) is modified as follows. The claims of Plaintiff The Vancouver Clinic against Defendant Affiliated FM Insurance Company are dismissed with prejudice except for the following: there remains a contractual claim by TVC against AFM under the Policy's "Communicable Disease – Business Interruption" provision, subject to the $100,000 sub-limit that the Court determined applied to the Policy's "Communicable Disease – Business Interruption" provision. (the "Remaining Claim").  The Court retains jurisdiction over this Remaining Claim, subject to the Court's determinations in its Order Granting Motions to Dismiss (Dkt No. 66), in the event AFM refuses to pay benefits under the "Communicable Disease – Business Interruption" provision.  Except as set forth in this Order, the Judgment, and the Order Granting Motions to Dismiss remains in full force and effect. Furthermore, as there is no just reason for delaying entry of a final Judgment with respect to the TVC's claims that were dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 54(b), the Judgment dismissing TVC's claims with prejudice (Dkt No. 67) shall be a final judgment.

Further, the Court strikes the motion for reconsideration of Plaintiff Vancouver Clinic (Dkt No. 68).

IT IS SO ORDERED this 17th day of June 2021.

_____
THE HONORABLE BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER TO MOIDFY JUDGMENT (No. 2:20-cv-01038-BJR) - 4